# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO: 3:04CV584

| | | |
|---|---|---|
| ROC-SANDRA DAVIS, et al., | ) | |
| **Plaintiffs** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | )_____ | |
| BELA W. BERKES, JR., et al., | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Motion to Consolidate with Case No.: 3:04CV585" ("Motion to Consolidate") (Document No. 34), filed March 9, 2005 by Roc-Sandra Davis, Joan Ison and Brenda Simmons.  Bela W. Berkes, Jr., David R. Friedman and Seasilver USA, Inc. ("Seasilver USA") have not filed a response to the Motion, and the time for doing so has expired.

## I.  PROCEDURAL BACKGROUND

On September 15, 2004, Ms. Davis, Ms. Ison and Ms. Simmons filed the above-captioned action in the General Court of Justice, Superior Court Division for the County of Mecklenburg, North Carolina (the "First Action").   In the Complaint in the First Action (the "First Complaint"), Ms. Davis, Ms. Ison and Ms. Simmons alleged, among other things, that Mr. Berkes operated a nutrition company, which did business as Seasilver USA; that Ms. Davis, Ms. Ison and Ms. Simmons were distributors for Mr. Berkes and/or Seasilver USA; that Mr. Friedman was also a distributor for Mr. Berkes and/or Seasilver USA; that Mr. Friedman was "down-line" from Ms. Davis, Ms. Ison and Ms. Simmons; and that Ms. Davis, Ms. Ison and Ms. Simmons did not receive certain payments to which they were entitled.  Ms. Davis, Ms. Ison and Ms. Simmons bring claims

1

against Mr. Berkes, Mr. Friedman and Seasilver USA for, among other things, breach of contract, unfair and deceptive trade practices, fraud, tortious interference with contract and civil conspiracy.

Also on September 15, 2004, Juanita Aughtry filed an action against Mr. Berkes, Mr. Friedman and Seasilver USA in the General Court of Justice, Superior Court Division for the County of Mecklenburg, North Carolina (the "Second Action").[1]  In the Complaint in the Second Action (the "Second Complaint"), Ms. Aughtry alleged, among other things, that Mr. Berkes operated a nutrition company, which did business as Seasilver USA; that Ms. Aughtry was a distributor for Mr. Berkes and/or Seasilver USA; that Mr. Friedman was also a distributor for Mr. Berkes and/or Seasilver USA; that Mr. Friedman was "down-line" from Ms. Aughtry; and that Ms. Aughtry did not receive certain payments to which she was entitled.  Ms. Aughtry brings claims against Mr. Berkes, Mr. Friedman and Seasilver USA for, among other things, breach of contract, unfair and deceptive trade practices, fraud, tortious interference with contract and civil conspiracy.

On November 24, 2004, Mr. Berkes, Mr. Friedman and Seasilver USA removed both the First Action and the Second Action to this Court by filing a Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(c) with respect to each case.

The factual allegations contained in the Second Complaint are substantially similar to those contained in the First Complaint.  On March 9, 2005, Ms. Roc-Davis, Ms. Ison and Ms. Simmons filed the Motion to Consolidate.  The Motion to Consolidate is ripe for disposition.

---

[1] On September 8, 2003, Ms. Aughtry brought a substantially similar action against Mr. Berkes and Seasilver USA.  That action was also removed to this Court.  On June 2, 2004, Ms. Aughtry voluntarily dismissed that action without prejudice.  The undersigned reaches no conclusions about the effect, if any, of the September 2003 action on the Second Action.

## II.  LEGAL ANALYSIS

Rule 42(a) of the Federal Rules of Civil Procedure provides

> when actions involving a common question of law or fact are pending before the court, it may order ... all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed. R. Civ. P. 42(a).  In considering a Rule 42 motion, the court should balance the prejudice and confusion that consolidation might entail against the waste of resources, the burden on the parties, and the risk of inconsistent judgments that separate proceedings could engender.  Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982).

Even a cursory review of the First Complaint and the Second Complaint clearly establishes that the allegations at issue involve the same parties and arise out of the same set of operative facts. Indeed, Mr. Berkes, Mr. Friedman and Seasilver USA have not objected to the Motion to Consolidate.  For good cause shown and pursuant to Rule 42(a), the undersigned will grant the Motion to Consolidate.

## II. ORDER

**IT IS, THEREFORE, ORDERED**:

1. that the "Motion to Consolidate with Case No.: 3:04CV585" (Document No. 34) is hereby **GRANTED**; and

3.  that **Civil Action No. 3:04-CV-584** and **Civil Action No. 3:04-CV-585** be **CONSOLIDATED**.

**Signed: September 8, 2005**

David C. Keesler
United States Magistrate Judge