# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO: 3:04CV584

| | |
|---|---|
| ROC-SANDRA DAVIS, JOAN ISON, BRENDA SIMMONS,<br>    Plaintiffs,<br><br>vs.<br><br>BELA W. BERKES, JR., DAVID R. FRIEDMAN, SEASILVER USA, INC.,<br>    Defendants. | **ORDER** |

**THIS MATTER IS BEFORE THE COURT** on Plaintiffs' Roc-Sandra Davis, Joan Ison, and Brenda Simmons ("Plaintiffs") motion to consolidate the above captioned case with case number 3:04c-cv-00585, Aughtry v. Berkes et al (Doc. No 34), under Rule 42 (a) of the Federal Rules of Civil Procedure.

Having carefully considered the Plaintiffs' Motion, which was not objected to by the defndants, the Court will grant the Plaintiffs' Motion to Consolidate Cases (Doc. No. 34) and orders that the following cases are hereby consolidated for <u>trial</u>: Davis, et al v. Berkes, et al, case no. 3:04-cv-00584, and Aughtry v. Berkes, et al, case no. 3:04-cv-00585.

## I. LEGAL ANALYSIS

Rule 42 (a) of the Federal Rules of Civil Procedure states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). According to the Fourth Circuit, "district courts have broad discretion under

[Rule] 42(a) to consolidate causes pending in the same district." A/S Ludwig Mowinckles Rederi v. Tidewater Constr., 559 F.2d 928, 933 (4th Cir. 1977). When exercising this discretion, district courts should

> weigh the risk of prejudice and confusion versus the possibility of inconsistent adjudication of common factual and legal issues, the burden on the parties witnesses, and judicial resources by multiple lawsuits, the length of time required to try multiple suits versus a single suit, and the relative expense required for multiple suits versus a single suit.

In re Cree, Inc., 219 F.R.D. 369, 371 (M.D. N.C. 2003) (citing Arnold v. Eastern Air Lines, 681 F.2d 186, 193 (4th Cir. 1982)).

Applying Rule 42(a), there is no question that these two cases involve common questions of law and fact. In each of the two complaints, the plaintiffs allege the same set of facts and bring similar causes of action. As such, it is within the Court's discretion to consolidate the actions to avoid unnecessary costs or delays

Consolidation would not increase the risk of prejudice or confusion. To the contrary, consolidation would be beneficial to both parties and to the Court for the following reasons: (1) judicial resources would be saved; (2) a single discovery order would promote consistency and reduce confusion; (3) the Court would avoid inconsistent rulings on discovery disputes; and (4) the parties would avoid unnecessarily duplicating their efforts in discovery. Moreover, the defendant has not objected to this motion. Accordingly, the undersigned concludes that the various factors weigh in favor of consolidation for trial

**IT IS, THEREFORE, ORDERED** that the plaintifs' Motion to Consolidate Cases for Trial (Doc. No. 34), to which no objection was filed, is hereby **GRANTED**; cases Davis, et al v. Berkes,

et al, case no 3:04cv584,  and Aughtry v. Berkes, et al, case no. 3:04cv585  are hereby consolidated for trial  Furthermore, Davis, et al v. Berkes, et al, case no 3:04cv584 is designated as the lead case.

_____The Clerk is directed to send copies of this Order to counsel for the parties

**Signed: October 11, 2005**

Robert J. Conrad, Jr.
United States District Judge